T.C. Memo. 2015-203

UNITED STATES TAX COURT

STEVEN LAVELL GASSOWAY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13382-13.                    Filed October 15, 2015.

Steven Lavell Gassoway, pro se.

Catherine S. Tyson, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, Judge:  Respondent determined a deficiency in, and an accuracy-related penalty under section 6662(a)[1] on, petitioner's Federal income tax (tax) for his taxable year 2011 of $9,205 and $1,841, respectively.

_____

[1]All section references are to the Internal Revenue Code (Code) in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[*2]   The issues remaining for decision for petitioner's taxable year 2011 are:

(1) Is petitioner entitled to a dependency exemption deduction under section 151(a) for each of SSG, DG, and SCG?  We hold that he is not.

(2) Is petitioner entitled to the child tax credit under section 24(a) with respect to each of SSG, DG, and SCG?  We hold that he is not.

(3) Is petitioner entitled to the additional child tax credit under section 24(d) with respect to each of SSG, DG, and SCG?  We hold that he is not.

(4) Is petitioner entitled to the earned income tax credit under section 32(a) with respect to each of SSG, DG, and SCG?  We hold that he is not.

(5) Is petitioner entitled to head of household filing status under section 2(b)?  We hold that he is not.

(6) Is petitioner liable for the accuracy-related penalty under section 6662(a)?  We hold that he is not.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioner resided in Missouri at the time he filed the petition.

Petitioner and Sheneita D. Cotton (Ms. Cotton) are the biological parents of SSG, DG, and SCG, who were born in 2007, 2009, and 2010, respectively.

**[*3]** Petitioner also has a daughter, TG, who lived with petitioner's mother during 2011.

On January 14, 2011, petitioner and Ms. Cotton each signed a lease (petitioner's lease) to rent an apartment (petitioner's apartment) at 4525-8 Whisper Lake Drive. Petitioner's lease was to begin on January 14, 2011, and to terminate on January 13, 2012. Petitioner's lease showed petitioner as a "Tenant" of petitioner's apartment and showed Ms. Cotton, SSG, DG, and SCG as "Occupants" of petitioner's apartment. Petitioner's lease did not show petitioner as one of the "Occupants" of petitioner's apartment.

Petitioner timely filed Form 1040A, U.S. Individual Income Tax Return, for his taxable year 2011 (2011 return). In that return, petitioner claimed (1) head of household filing status under section 2(b), (2) a dependency exemption deduction for each of TG, SSG, DG, and SCG, and (3) with respect to each of SSG, DG, and SCG a child tax credit under section 24(a), an additional child tax credit under section 24(d), and the earned income tax credit under section 32(a). Petitioner did not attach to his 2011 return a written declaration that Ms. Cotton signed in which she waived her right to claim a dependency exemption deduction with respect to each of SSG, DG, and SCG.

**[\*4]**   Respondent issued a notice of deficiency (notice) to petitioner for his taxable year 2011.  The notice disallowed petitioner's claimed dependency exemption deduction for each of TG, SSG, DG, and SCG.  The notice disallowed with respect to each of SSG, DG, and SCG petitioner's claimed child tax credit, additional child tax credit, and earned income tax credit.  The notice also determined that petitioner's filing status is single, not head of household.  The notice further determined that petitioner is liable for the accuracy-related penalty under section 6662(a).

OPINION

Petitioner bears the burden of establishing that the determinations in the notice that remain at issue are erroneous.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Dependency Exemption Deduction

It is petitioner's position that he is entitled for his taxable year 2011 to a dependency exemption deduction under section 151(a) for each of SSG, DG, and SCG.[2]  Respondent disagrees.

---

[2]Petitioner concedes that he is not entitled to a dependency exemption deduction for TG.

**[*5]**   Section 151(c) provides an exemption for each dependent of the taxpayer, as defined in section 152.  Section 152(a) defines the term "dependent" to include a qualifying child.  <u>See</u> sec. 152(a)(1).

Section 152(c)(1) defines the term "qualifying child" as follows:

SEC. 152.  DEPENDENT DEFINED.

(c) Qualifying Child.--For purposes of this section--

(1) In general.--The term "qualifying child" means, with respect to any taxpayer for any taxable year, an individual--

(A) who bears a relationship to the taxpayer described in paragraph (2),

(B) who has the same principal place of abode as the taxpayer for more than one-half of such taxable year,

(C) who meets the age requirements of paragraph (3),

(D) who has not provided over one-half of such individual's own support for the calendar year in which the taxable year of the taxpayer begins, and

(E) who has not filed a joint return (other than only for a claim of refund) with the individual's spouse under section 6013 for the taxable year beginning in the calendar year in which the taxable year of the taxpayer begins.

As pertinent here, an individual satisfies the relationship requirement of section 152(c)(1)(A) if that individual is a child of the taxpayer.  Sec.

**[\*6]** 152(c)(2)(A). As pertinent here, an individual satisfies the age requirement of section 152(c)(1)(C) if that individual is under age 19 as of the close of the calendar year in which the taxpayer's taxable year begins. Sec. 152(c)(3)(A)(i).

The parties' only disagreement as to whether each of SSG, DG, and SCG is a qualifying child, as defined in section 152(c), is whether each of those children satisfies the principal place of abode requirement of section 152(c)(1)(B).

In support of his argument that each of SSG, DG, and SCG satisfies the principal place of abode requirement of section 152(c)(1)(B), petitioner relies on his testimony and on petitioner's lease.

With respect to petitioner's testimony, petitioner testified that SSG, DG, and SCG lived with him in petitioner's apartment from January 25, 2011, through the end of 2011. We found petitioner's testimony to be in certain material respects self-serving and uncorroborated. We shall not rely on petitioner's testimony to establish that each of SSG, DG, and SCG lived with petitioner in petitioner's apartment from January 25, 2011, through the end of 2011. See, e.g., Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

With respect to petitioner's lease, petitioner argues that petitioner's lease establishes that he lived in petitioner's apartment with SSG, DG, and SCG from January 25, 2011, through the end of 2011. We shall not rely on petitioner's lease

[*7] to establish that each of SSG, DG, and SCG lived with petitioner from January 25, 2011, through the end of 2011.

On the record before us, we find that petitioner has failed to carry his burden of establishing that for his taxable year 2011 each of SSG, DG, and SCG satisfies the principal place of abode requirement of section 152(c)(1)(B). On that record, we further find that petitioner has failed to carry his burden of establishing that for his taxable year 2011 each of SSG, DG, and SCG was a qualifying child, as defined in section 152(c), and that therefore each of them is his dependent, as defined in section 152(a)(1).

On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2011 to a dependency exemption deduction under section 151(a) for each of SSG, DG, and SCG.

Child Tax Credit

It is petitioner's position that he is entitled for his taxable year 2011 to the child tax credit under section 24(a) with respect to each of SSG, DG, and SCG. Respondent disagrees.

Section 24(a) provides a credit with respect to each qualifying child of the taxpayer for which the taxpayer is allowed a deduction under section 151. As

**[\*8]** pertinent here, section 24(c)(1) defines the term "qualifying child" as "a qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17."

We have found that petitioner has failed to carry his burden of establishing that for his taxable year 2011 each of SSG, DG, and SCG is petitioner's qualifying child, as defined in section 152(c). On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2011 to the child tax credit under section 24(a) with respect to each of SSG, DG, and SCG.

Additional Child Tax Credit

It is petitioner's position that he is entitled for his taxable year 2011 to the additional child tax credit under section 24(d) with respect to each of SSG, DG, and SCG. Respondent disagrees.

The child tax credit provided by section 24(a) may not exceed the taxpayer's regular tax liability. Sec. 24(b)(3). Where a taxpayer is eligible for the child tax credit, but the taxpayer's regular tax liability is less than the amount of the child tax credit potentially available under section 24(a), section 24(d) makes a portion of the credit, known as the additional child tax credit, refundable.

[*9]   We have found that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2011 to the child tax credit under section 24(a) with respect to each of SSG, DG, and SCG.  On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2011 to the additional child tax credit under section 24(d) with respect to each of SSG, DG, and SCG.

Earned Income Tax Credit

It is petitioner's position that he is entitled for his taxable year 2011 to the earned income tax credit under section 32(a) with respect to each of SSG, DG, and SCG.  Respondent disagrees.

Section 32(a)(1) permits an eligible individual an earned income credit against that individual's tax liability.[3]  As pertinent here, the term "eligible individual" is defined to mean "any individual who has a qualifying child for the taxable year".  Sec. 32(c)(1)(A)(i).  As pertinent here, section 32(c)(3)(A) defines the term "qualifying child" to mean "a qualifying child of the taxpayer (as defined in section 152(c) * * * )."

---

[3]The amount of the credit is determined on the basis of percentages that vary depending on whether the taxpayer has one qualifying child, two or more qualifying children, or no qualifying children.  See sec. 32(b).  The credit is also subject to a limitation based on adjusted gross income.  See sec. 32(a)(2).

**[*10]** We have found that petitioner has failed to carry his burden of establishing that for his taxable year 2011 each of SSG, DG, and SCG is his qualifying child, as defined in section 152(c). On the record before us, we find that petitioner has failed to carry his burden of establishing that for his taxable year 2011 each of SSG, DG, and SCG is his qualifying child, as defined in section 32(c)(3)(A).

On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2011 to the earned income tax credit under section 32(a) with respect to each of SSG, DG, and SCG.

Head of Household Status

It is petitioner's position that he is entitled for his taxable year 2011 to head of household filing status under section 1(b). Respondent disagrees.

Section 1(b) provides a special tax rate for an individual who qualifies as a head of household. As pertinent here, section 2(b)(1) provides that an unmarried individual "shall be considered a head of a household" if that individual "maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode" of "a qualifying child of the individual (as defined in section 152(c) * * *)", sec. 2(b)(1)(A)(i), or "any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151", sec. 2(b)(1)(A)(ii).

**[*11]** We have found that petitioner has failed to carry his burden of establishing that for his taxable year 2011 each of SSG, DG, and SCG is his qualifying child, as defined in section 152(c). We have also found that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2011 to a dependency exemption deduction under section 151(a) for each of SSG, DG, and SCG.

On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2011 to head of household filing status under section 2(b).

Accuracy-Related Penalty

It is petitioner's position that he is not liable for the accuracy-related penalty under section 6662(a). Respondent disagrees.[4]

Section 6662(a) imposes an accuracy-related penalty of 20 percent on the underpayment to which section 6662 applies. Section 6662 applies to the portion of any underpayment which is attributable to, inter alia, a substantial understatement of tax. Sec. 6662(b)(2).

As pertinent here, an understatement for purposes of section 6662(b)(2) is equal to the excess of the amount of tax required to be shown in the tax return over

_____

[4]Respondent claims that in the notice respondent miscalculated the accuracy-related penalty under sec. 6662(a) and that the amount of the penalty as properly calculated is $571.20.

[*12] the amount of tax imposed that is shown in the return. Sec. 6662(d)(2)(A). An understatement is substantial if the amount of the understatement for the taxable year exceeds the greater of 10 percent of the amount of tax required to be shown in the tax return for the taxable year or $5,000. Sec. 6662(d)(1)(A).

The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment if it is shown that there was reasonable cause for, and that the taxpayer acted in good faith with respect to, such portion. Sec. 6664(c)(1). The determination of whether the taxpayer acted with reasonable cause and in good faith depends on all the pertinent facts and circumstances, including the taxpayer's efforts to assess the taxpayer's proper tax liability, the knowledge and experience of the taxpayer, and the reliance on the advice of a professional, such as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent bears the burden of production with respect to the accuracy-related penalty under section 6662(a) that the respondent determined in the notice. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To satisfy respondent's burden of production, respondent must come forward with "sufficient evidence indicating that it is appropriate to impose" the accuracy-related penalty at issue. See Higbee v. Commissioner, 116 T.C. at 446. Although respondent bears the burden of production with respect to the accuracy-related

[*13] penalty under section 6662(a) that respondent determined in the notice, respondent "need not introduce evidence regarding reasonable cause * * * or similar provisions. * * * [T]he taxpayer bears the burden of proof with regard to those issues." See id.

It is respondent's position that petitioner has a substantial understatement of tax for his taxable year 2011 within the meaning of section 6662(d)(1)(A) and that therefore he is liable for that year for the accuracy-related penalty under section 6662(a).[5] In support of respondent's position that petitioner has a substantial understatement of tax for his taxable year 2011, respondent asserts: "[T]he proposed deficiency of $9,205 exceeds $5,000 and is more than 10 percent of the amount required to be shown on the petitioner's tax return for 2011." We reject that assertion as contrary to the applicable law and the facts in this case.

The understatement for petitioner's taxable year 2011 is substantial if the understatement, not the deficiency as respondent claims, exceeds the greater of 10 percent of the tax required to be shown in petitioner's 2011 return or $5,000. See sec. 6662(d)(1)(A). As discussed above and as pertinent here, the understatement for petitioner's taxable year 2011 for purposes of section 6662(d)(1)(A) is equal to the excess of "the amount of the tax required to be shown on the return" for that

_____

[5]See supra note 4.

[*14] year over "the amount of the tax imposed which is shown on the return".

See sec. 6662(d)(2)(A).

The phrase "amount of the tax required to be shown on the return" of petitioner for his taxable year 2011 that is used in section 6662(d)(2)(A)(i) has the same meaning as the phrase "amount of income tax imposed", as defined in section 1.6664-2(b), Income Tax Regs. See sec. 1.6662-4(b)(3), Income Tax Regs. The "amount of income tax imposed" on petitioner for his taxable year 2011, as defined in section 1.6664-2(b), Income Tax Regs., is the "amount of tax imposed on the taxpayer [petitioner] under subtitle A" of the Code.

The phrase "amount of the tax imposed which is shown on the return" of petitioner for his taxable year 2011 that is used in section 6662(d)(2)(A)(ii) has the same meaning as the "amount shown as the tax by the taxpayer on his return", as defined in section 1.6664-2(c), Income Tax Regs. See sec. 1.6662-4(b)(4), Income Tax Regs. The "amount shown as the tax by the taxpayer [petitioner] on his [2011] return", as defined in section 1.6664-2(c), Income Tax Regs., is the "tax liability shown by the taxpayer [petitioner] on his [2011] return".

Although the amount of an understatement may sometimes be the same as the amount of a deficiency, the amount of the understatement for petitioner's taxable year 2011 is not, as respondent claims, the same as the amount of the

[*15] deficiency ($9,205) that respondent determined in the notice for that year.

That is because of the following rule that is applicable here for purposes of the

definition of a deficiency in section 6211(a):

SEC. 6211.  DEFINITION OF A DEFICIENCY.

(b) Rules for Application of Subsection (a).--For purposes of
this section--

\* \* \* \* \* \* \*

(4) For purposes of subsection (a)--

(A) any excess of the sum of the credits allow-
able under sections 24(d), 25A by reason of subsection
(i)(6) thereof, 32, 34, 35, 36, 36A, 36B, 36C, 53(e),
168(k)(4), 6428, and 6431 over the tax imposed by
subtitle A (determined without regard to such credits),
and

(B) any excess of the sum of such credits as
shown by the taxpayer on his return over the amount
shown as the tax by the taxpayer on such return (deter-
mined without regard to such credits),

shall be taken into account as negative amounts of tax.

In his 2011 return, petitioner claimed an additional child tax credit under

section 24(d) of $3,691 and an earned income tax credit under section 32 of

$2,658.  Pursuant to section 6211(a) and (b)(4), respondent determined in the

notice that petitioner has a deficiency of $9,205 for his taxable year 2011.

**[*16]** However, the understatement for petitioner's taxable year 2011 is $2,856. That is because the "amount of the tax required to be shown" in petitioner's 2011 return is $2,856, and the "amount of the tax imposed which is shown" in that return is zero.

On the record before us, we find that petitioner is not liable for his taxable year 2011 for the accuracy-related penalty under section 6662(a).[6]

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

Decision will be entered under

Rule 155.

---

[6]Respondent does not argue that petitioner is liable for the accuracy-related penalty because of negligence or disregard of rules or regulations under sec. 6662(b)(1). As a result, we do not consider any such argument.